IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISON

**PEGGY BRYANT,**

    **Plaintiff,**

v.                                         **Civil Action No:** 2:11-0604
                                               **(Judge**_____**)**

**LABORATORY CORPORATION
OF AMERICA HOLDINGS**,

    **Defendant.**

**COMPLAINT**

Plaintiff alleges and states, as follows:

1. This is an action brought by plaintiff Peggy Bryant on behalf of herself and others similarly situated, to recover damages due and owing to them as a direct result of defendant Laboratory Corporation of America Holdings' violation of Federal law, known as the Fair Labor Standards Act, for failure to pay minimum wage to employees pursuant to 29 U.S.C. 206, Fair Labor Standards Act, Section 6. This is an individual action, as well as a proposed collective action under 29 U.S.C. §216(b), for money damages, liquidated damages equal to the amount owed, costs, injunctive relief and attorneys' fees and other relief as a result of defendant's commonly applied policy and practice of designating plaintiff and other similarly situated employees who were not paid overtime in violation of federal and state wage and hour laws. Plaintiff brings this action in her individual

capacity, and as a class representative on behalf of all other similarly situated individual employees of the defendant, who were similarly affected by defendant's violation of the Act.

2. At all times relevant and material hereto, plaintiff Peggy Bryant was a citizen and resident of Kanawha County, West Virginia and was employed by defendant Laboratory Corporation of America Holdings.

3. At all times relevant and material hereto, Laboratory Corporation of America Holdings, was a Delaware corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, defendant operates places of business known as Lab Corp, in Nitro, West Virginia and Hurricane, West Virginia, and is within the jurisdiction of this Court. Further defendant Laboratory Corporation of America Holdings is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

4. The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the Federal Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c), because the defendant Laboratory Corporation of America Holdings may be found in this district and the challenged conduct occurred in this state.

6. Plaintiff Peggy Bryant sues on behalf of herself and those members of the above-defined class who have filed, or will file with the Court, their consents to sue. This

is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action." Plaintiff and the putative class are similarly situated in that, they are all subject to defendant Laboratory Corporation of America Holdings' common plan or practice of not paying minimum wage and other violations of said Act.

7. At all times relevant and material hereto, plaintiff Peggy Bryant frequently worked "off the clock" and was never paid wages for hours actually worked in excess of forty (40) hours per week.

8. At all times relevant and material hereto, plaintiff Peggy Bryant frequently worked more than forty (40) hours each week, but, despite her non-exempt job duties, she was never paid wages for hours actually worked in excess of forty (40) hours per week.

9. At all times relevant and material hereto, plaintiff Peggy Bryant began employment with defendant Laboratory Corporation of America Holdings on April 3, 2006, and was continuously employed thereafter until plaintiff Peggy Bryant's termination on May 11, 2011.

10. Without limitation, defendant Laboratory Corporation of America Holdings would make the following specific wage and hour violations:

    a. Defendant would have plaintiff Peggy Bryant work at one location and then travel to another location during her "lunch," but would not pay her for the travel time.

    b. Defendant would require plaintiff Peggy Bryant go off the clock at 4:00 p.m., but she was required to stay at work after said time period to complete additional work.

11. Defendant Laboratory Corporation of America Holdings, in violation of said of both Federal and State law, failed to pay plaintiff Peggy Bryant's earned wages earned and benefits due and owing.

## COUNT ONE

### INDIVIDUAL CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

12. The preceding paragraphs are re-alleged, as if restated herein.

13. Based upon the foregoing, defendant Laboratory Corporation of America Holdings' conduct was a violation of the Federal Fair Labor Standards Act, and entitles plaintiff Peggy Bryant to compensation for all hours in which she was not paid overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT TWO

### COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT OR FORMER

14. The preceding paragraphs are re-alleged, as if restated herein.

15. Based on the foregoing, defendant Laboratory Corporation of America Holdings' conduct was a violation of the Federal Fair Labor Standards Act, and entitles plaintiff Peggy Bryant, and other similarly situated employees of defendant, to

compensation for all hours in which they were not paid overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT THREE

### VIOLATION OF THE WEST VIRGINIA WAGE PAYMENT AND COLLECTION ACT 21-5 et seq.

16. The preceding paragraphs are re-alleged, as if restated herein.

17. This is an action brought by the plaintiff Peggy Bryant on behalf of herself and others similarly situated to recover damages due and owing, as a direct result of defendant Laboratory Corporation of America Holdings' violation of the "West Virginia Wage Payment and Collection Act" (hereinafter "W.Va. Act"), Chapter 21, Article 5, et seq., West Virginia Code.

18. Plaintiff Peggy Bryant institutes these proceedings and invokes the jurisdiction of this Court to obtain wages due, liquidated damages, interest and any other legal or equitable relief as the Court deems appropriate, including general damages, as well as an award of reasonable attorney fees and costs, all arising from defendant Laboratory Corporation of America Holdings' failure to compensate plaintiff and others similarly situated, in violation of the W.Va. Act, Chapter 21, Article 5, et seq., West Virginia Code.

19. This action is brought for individual claims of plaintiff Peggy Bryant, and pursuant to West Virginia Rules of Civil Procedure 23, as a class action on behalf of plaintiff and on behalf of all employees who were not paid wages or benefits due and owing to them, as a direct result of the defendant Laboratory Corporation of

America Holdings' violation of the W.Va. Act, Chapter 21, Article 5, <u>et seq.</u>, West Virginia Code.

20. It is the public policy of the State of West Virginia, that every person, firm or corporation doing business in this State pay wages due to employees and the failure to so, is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

21. Whenever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two (72) hours, or if a person resigns, by the next pay period. **W. Va. Code § 21-5-4**.

22. Defendant Laboratory Corporation of America Holdings in violation of said W.Va. Act, failed to pay plaintiff Peggy Bryant, who is no longer employed as stated herein, wages due and owing, within seventy-two (72) hours, which were earned by plaintiff, or by the next pay period.

23. As a direct and proximate result of defendant Laboratory Corporation of America Holdings' failure to pay plaintiff Peggy Bryant's earned wages, in violation of said W.Va. Act, plaintiff is entitled to an award of wages due, plus interest.

24. As a direct and proximate result of defendant Laboratory Corporation of America Holdings' failure to pay plaintiff Peggy Bryant's wages, in violation of said W. Va. Act, plaintiff is entitled, in addition to the actual wages, liquidated damages in an amount which was unpaid when due, for three times that unpaid amount. **W. Va. Code § 21-5-4(e)**.

25. Plaintiff Peggy Bryant was terminated on May 11, 2011, at which time she was owed $263.99 for three days of pay. However, she did not receive her final check

until May 16, 2011, when said payment was due within seventy-two (72) hours after her termination.

26. As a direct and proximate result of defendant Laboratory Corporation of America Holdings failure to pay plaintiff Peggy Bryant's wages, in violation of said W. Va. Act, plaintiff is entitled to reasonable attorney fees and costs.

WHEREFORE, the plaintiff demands:

a) Judgment against the defendants for an amount equal to loss of all wages, plus interest;

b) Liquidated damages;

c) Attorney fees and costs; and

Such further equitable and legal relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

**PEGGY BRYANT**,
By Counsel,

*s/J. Michael Ranson*
_____
**J. Michael Ranson State Bar # 3017**
**Cynthia M. Ranson State Bar # 4983**
**George B. Morrone III, State Bar #4980**
RANSON LAW OFFICES
1562 Kanawha Blvd., East
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304) 345-1990
Counsel for plaintiff

**G. Patrick Jacobs State Bar #1867**
JACOBS LAW OFFICE
7020 MacCorkle Avenue, SE
Charleston, WV 25304
(304) 926-6676