IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PEGGY BRYANT,

           Plaintiff,

v.                                CIVIL ACTION NO. 2:11-cv-00604

LABORATORY CORPORATION OF
AMERICA HOLDINGS,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review [Docket 32] and Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal [Docket 33]. For the reasons discussed below, the Motion to Submit Settlement Agreement to the Court for *In Camera* Review is **DENIED** and the Motion for Approval of Settlement Agreement is **DENIED without prejudice**.

**I.    Background**

On September 8, 2011, Peggy Bryant filed suit in this court, on behalf of herself and other similarly situated employees. The complaint states that she was employed by Laboratory Corporation of America Holdings from April 2006 until May 2011. The plaintiff alleges that the defendant failed to pay her overtime compensation for time worked in excess of forty hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203. The plaintiff also alleges that the defendant violated the West Virginia Wage Payment and Collection Act.

1

On June 25, 2012, the parties filed a Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review [Docket 32]. That same day, the parties filed a Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal [Docket 33].

**II.     Motion to Submit Settlement Agreement to Court for *In Camera* Review**

Typically, parties may reach a confidential settlement entirely outside of the court's purview. *Baker v. Dolgencorp, Inc.*, 818 F. Supp. 2d 940, 943 (E.D. Va. 2011). But settlements under the FLSA are unique because federal courts are charged with scrutinizing these settlements for fairness. *Id.* The parties in this case ask the court to review the settlement agreement *in camera* so that it remains confidential. They represent that confidentiality is an integral provision of the overall settlement and that disclosure of it to the public would deny the defendant the benefit of its bargain. Further, the parties point out that numerous federal district courts have reviewed FLSA settlements *in camera*, and that such practice promotes the "just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1.

*In camera* inspection of the settlement agreement is the functional equivalent of filing it under seal. *Murphy v. Dolgencorp, Inc.*, 1:09-cv-7, 2010 WL 3766946, at *1 (W.D. Va. Sept. 21, 2010). Moreover, the settlement agreement is a "judicial record" because the court uses it to "determin[e] litigants' substantive rights." *See In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) (unpublished); *Baker*, 818 F. Supp. 2d at 943; *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011). In his thorough and insightful discussion of sealing FLSA settlement agreements, the Honorable T.S. Ellis observes that, "Few principles have as long a pedigree and are as well-settled as the public's right of access to court proceedings and judicial documents." *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 621

(E.D. Va. 2011). Although the right of access is not absolute, sealing should be a relatively rare exception. *Id.*

In determining whether to seal judicial documents, the court must follow certain procedural requirements. *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005). Specifically,

> The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." [*Sun Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989)] If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are subject to the [] motion to seal. *Goetz*, 886 F.2d at 66.

*Id.* In addition, before sealing a document, the court must provide public notice of the request to seal and allow interested parties an opportunity to object. *Miles*, 799 F. Supp. 2d at 621.

The right of public access is derived from two sources: common law and the First Amendment. *Buchanan*, 417 F.3d at 429. "Under common law, there is a presumption of access accorded to judicial records." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The party or parties seeking to seal documents may rebut this presumption by identifying countervailing interests that heavily outweigh the public interest in access. *Id.* The court may consider, "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The First Amendment right of access only applies when "the place and process have historically been open to the press and general public" and "public access plays a significant positive role in the functioning of the particular process in question." *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989). If the right of access derives from the First Amendment then, "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253.

In the instant dispute, it is unnecessary to decide whether the First Amendment right to access applies because I **FIND** that the parties have not met the lesser burden of identifying countervailing interests that heavily outweigh the public interest in access, as required by the common law right of access. As Judge Ellis explained:

> If a court's review of a settlement is sealed, Congress and the public lose the ability to assess whether the settlement is consistent with the statute's terms and purposes. Without the right of access to court decisions approving FLSA settlements, the Act could be undermined without the knowledge of those in the best position to demand or enact corrective policies—namely the public and legislators.

*Miles*, 799 F. Supp. 2d at 623. And the public's interest is not heavily outweighed by the parties' argument that confidentiality is an integral provision of their agreement. Although public policy favors private settlement of disputes, "[t]o seal a settlement because the parties deem privacy material to their agreement could easily convert the exception to the commonplace, as all settlements would then be sealed if any party insisted on it as a condition of settlement." *Id.* at 624. Accordingly, the parties' Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review is **DENIED**. The parties' Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal is **DENIED without prejudice**. The court will consider whether to approve the settlement once its terms are publicly filed with this court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 10, 2012

Joseph R. Goodwin, Chief Judge