IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PEGGY BRYANT,

          Plaintiff,

v.                                   CIVIL ACTION NO. 2:11-cv-00604

LABORATORY CORPORATION OF
AMERICA HOLDINGS,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the parties' Notice of Filing Settlement Agreement and Renewal of Joint Motion [Docket 37]. The court previously denied the parties' Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review [Docket 32]. For the reasons discussed below, the parties' Motion is **DENIED without prejudice**.

The FLSA contains a "judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007). However, claims for back wages under the FLSA may be settled if the settlement is supervised by the Department of Labor or a district court. *E.g.*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In such cases, the proposed settlement must reflect a reasonable compromise of a bona fide dispute. *Id.* A court assessing a settlement for fairness must be provided with enough information to make such a determination. *See Kianpour v. Rest. Zone, Inc.*, 2011 WL 5375082 (D. Md. 2011).

1

The following factors are relevant to the reasonableness of an FLSA settlement: 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of plaintiff's counsel; and 5) the probability of plaintiff's success on the merits and the amount of the settlement compared to the potential recovery. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) (directing courts to consider these factors in assessing the reasonableness of a class action settlement); *Lomascolo v. Parsons Brinckerhoff, Inc.*, 1:09-cv-1310, 2009 WL 3094955 (E.D. Va. Sept. 28, 2009) (applying the *Flinn* factors when considering an individual settlement in an FLSA case). In this case, there is not enough information available in the record for the court to consider the relevant factors. Thus, I am unable to determine with the information before me whether the proposed settlement is a reasonable compromise of a bona fide dispute.

Furthermore, the proposed settlement agreement contains confidentiality provisions. These provision appears to contradict the legislative purpose of the FLSA, are inconsistent with this court's July 10, 2012 Memorandum Opinion and Order [Docket 34], and are likely unenforceable now that the settlement agreement has been publicly filed. *See Poulin v. General Dynamic Shared Resources, Inc.,* 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010). For these reasons, the court will not approve a proposed settlement agreement containing such provisions.

Finally, the proposed settlement provides that a portion of the settlement shall be paid to the plaintiff's attorney. The FLSA contemplates that "the wronged employee should receive his full wages . . . without incurring any expense for legal fees or costs." *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946). Therefore, the reviewing court must assess the reasonableness of

the attorney's fees to be awarded "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed.App'x. 349, 351 (11th Cir. 2009) (unpublished opinion); *see also Poulin*, 2010 WL 1813497, at *1. In assessing the reasonableness of attorney's fees, courts generally use the traditional lodestar method as a guide. *See Poulin.,* 2010 WL 1813497, at *1. Currently, the settlement agreement contains an amount to be paid directly to the plaintiff's law firm. However, there is no information regarding how this figure was calculated. If I am to approve the settlement agreement, plaintiff's counsel must provide the court with sufficient information from which I can conduct a lodestar analysis of the attorney's fee. *See Robinson v. Equifax Info Servs. LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (explaining the lodestar method and listing twelve factors to consider in assessing a reasonable attorney's fee).

For the reasons discussed above, the Notice of Filing Settlement Agreement and Renewal of Joint Motion is hereby **DENIED without prejudice**. The parties are **ORDERED** to file a renewed motion to approve the settlement no later than **Monday July 30, 2012**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     July 23, 2012

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge