UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PEGGY BRYANT,

    Plaintiff,                            CIVIL ACTION NO.: 2:11-0604
                                                                      Judge Joseph R. Goodwin

vs.

LABORATORY CORPORATION
OF AMERICA HOLDINGS,

    Defendant.
_____/

## RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Pursuant to the Court's Memorandum Opinion and Order of July 23, 2012 ["Order", Docket 38], Plaintiff Peggy Bryant ("Plaintiff") and Defendant Laboratory Corporation of America Holdings ("Defendant") (collectively, the "Parties") jointly renew their Motion seeking the Court's approval of the settlement agreement reached in the instant case. The Parties incorporate their previously filed Motion for Approval of Settlement Agreement [Docket 33] and also provide the following additional information as requested by the Court in its July 23 Order. For the reasons set forth below, the Parties submit that the settlement agreement is a fair and reasonable resolution of the instant case and therefore request that the Court approve the same.

Should the Court require more information, the Parties request a hearing to address any further questions the Court may have regarding the terms of the settlement agreement or the negotiations leading to those terms.

    I.       **Reasonableness of the Proposed Settlement Agreement**

As stated in the Order, there are five factors relevant to the reasonableness of an FLSA settlement: 1) the extent of discovery that has taken place; 2) the stage of the proceedings,

including the complexity, expense, and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of plaintiff's counsel; and 5) the probability of plaintiff's success on the merits and the amount of the settlement compared to the potential recovery. *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). Further, where a settlement is negotiated by competent counsel in an "adversary context," the settlement reached "will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. June 15, 2009). Because the factors identified by the Court weigh in favor of a finding of reasonableness, and the settlement was negotiated by competent counsel in an adversary context, the Parties respectfully request that this Court approve the agreement.

### a. The Extent of Discovery

Following the Court's scheduling conference on January 5, 2012, the Court directed the Parties to engage in a bifurcated discovery process, first examining Plaintiff's individual claims and then, if necessary, engaging in discovery related to Plaintiff's purported collective action claims. [Docket 14]. During the individual phase of discovery in this case, the Parties exchanged documents in response to multiple discovery requests and responded to interrogatories for the purposes of obtaining factual evidence related to Plaintiff's individual claims. Additionally, LabCorp took Plaintiff's deposition on March 28, 2012, and the deposition lasted most of the day. Plaintiff had noticed the depositions of her supervisor and several other LabCorp employees during the month of May, 2012, however those depositions did not take place as the Parties were actively involved in settlement discussions which ultimately resulted in the settlement agreement which is the subject of this Motion. As such, with respect to Plaintiff's individual claims, the Parties submit that the factual record has been well-developed.

### b. The Stage of Proceedings

This case was nearing the end of the phase of discovery on Plaintiff's individual claims when the Parties reached the proposed agreement to resolve their dispute. In the event a resolution had not been reached, the Parties anticipate that Plaintiff would have proceeded to take the depositions of certain LabCorp employees related to her individual claims (i.e., her supervisor and co-workers) prior to the close of individual discovery. LabCorp intended to file a motion for summary judgment as to Plaintiff's individual claims pursuant to the Court's initial scheduling order which would have required a significant investment of both client and judicial resources on all sides. LabCorp's intent to vigorously defend this case is akin to the situation approved in *Lomascolo v. Parsons Brinkerhoff, Inc.*, 2009 WL 3094955 at *11 (E.D. Va. Sept. 28, 2009) wherein the Court determined that once the parties had an opportunity to evaluate the evidence and merits of the claims, a settlement reached following an informed arms-length negotiation was acceptable.

### c. The Absence of Fraud or Collusion

It is presumed that no fraud or collusion occurred between counsel in the absence of evidence to the contrary. *Id.* at *12. Counsel for the Parties aver to the Court that no fraud or collusion was present in reaching the settlement of the instant case. Rather, an arms-length negotiation was conducted based on the discovery conducted, the anticipated risks and expense of protracted litigation if no settlement was reached, and the interests of each Party in reaching resolution of the case.

### d. The Experience of Plaintiff's Counsel

Plaintiff's counsel has been practicing law for 30 years overall and has focused on personal injury and employment litigation for all of that time. Mr. Ranson has brought and

litigated numerous cases under the FLSA resulting in settlements approved by this Court in the past. *See, e.g., Harper v. Elk Run Coal Co.*, Civ. Act. No. 2:11-cv-305 (S.D.W. Va. June 4, 2012) (Document 56, Mem. Opinion & Order, denying sealing of settlement but granting approval of settlement and dismissing case with prejudice) (attached hereto as Exhibit 1).

### e. The Probability of Plaintiff's Success on the Merits

The Parties contend that the proposed settlement agreement is a fair and reasonable compromise in light of the factual record developed in discovery. *Muhammad v. Nat'l City Mortg., Inc.*, 2008 WL 5377783, at *5 (S.D. W.Va. Dec. 19, 2008) (in the context of approving an FLSA settlement noting that "the essence of any settlement is compromise"). In her Complaint, Plaintiff alleged that she had been forced or permitted to work overtime hours off the clock by having to work before and after her scheduled hours and also by having to drive between work locations during her meal break. [Docket 1]. After exchange of written discovery and Plaintiff's deposition, she was amenable to reducing her claim for unpaid wages for purposes of settlement. Based on a full evaluation of her testimony, Plaintiff accepted for settlement that there was doubt raised that she would be able to demonstrate that defendant suffered or permitted her to work off the clock in the amounts she alleged in her Complaint, particularly with respect to her claims that she worked before and after her scheduled hours. Defendant maintains that it did not suffer or permit plaintiff to work off the clock at all.

Although Plaintiff believes she still had chance of prevailing at trial on her claims, and Defendant recognizes that risk as well, both Parties recognize that in the event this case were to ultimately reach a jury, the verdict would be unpredictable. In light of this acknowledgement, the Parties have reached the attached settlement agreement which takes these factors into account and seeks to resolve this dispute in a fair and reasonable manner.

4

## II. Confidentiality Provisions

The Parties have agreed to amend the settlement agreement as previously submitted to the Court by striking the obligations contained in Sections 4(a) and 4(d) to the extent Section 4(d) would require compliance with any provisions in Section 4(a). The Parties respectfully contend that the provisions of Section 4(b) is an obligation outside the traditional purview of an FLSA settlement and therefore should remain in place. Under section 4(b), Plaintiff agrees not to disclose any of LabCorp's confidential information which she obtained during her employment with LabCorp and return any LabCorp information she may have in her possession. This restriction does not address the public nature of the underlying FLSA settlement or prevent Plaintiff from disclosing the "fact and amount" of the agreed settlement, but is meant to protect LabCorp's legitimate business interests in protecting such information. *See e.g. Galvez v. Americlean Services Corp.* 2012 WL 1715689 at *4 (E.D. Va. May 15, 2012)(approving a proposed FLSA settlement agreement containing limited confidentiality-related terms provided that the agreement permitted the Plaintiff to disclose the "amount and fact" of the settlement in keeping with the desired transparency of the FLSA). The Parties respectfully request that the Court accept the settlement agreement as revised to remove the FLSA-related confidentiality restrictions originally contained in Section 4(a) and 4(d) as set forth above.

## III. Payment to Plaintiff's Counsel

Information on Plaintiff's Counsel's fees is attached as Exhibit 3 to this Motion. The Parties represent that Plaintiff's attorneys' fees and costs were negotiated after, and separately from, the negotiation of her monetary settlement amount. *See Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. 2009) (holding that judicial review is needed to ensure no conflict of interest between plaintiff's settlement amount and the amount agreed to in attorneys' fees); *see also*

*Bonetti*, 715 F. Supp. 2d at 1228 (interpreting *Silva* and explaining that, so long as attorneys' fees are negotiated separately and without regard to amount of settlement for plaintiff, court will approve the reasonableness of the fee without conducting an independent lodestar analysis).

Plaintiff's counsel's fee in this case was based on the number of hours that plaintiff's counsel had expended times the normal hourly rate he charges in these types of claims. In this case, plaintiff's counsel has expended 56.75 hours and has charged a rate of three hundred dollars ($300.00) per hour. Plaintiff's counsel has not requested that this Court "enhance" any fee determination, but has simply claimed a fee based upon hours spent on the case times the appropriate hourly rate. The Defendant viewed the numbers of hours spent, as well as the hourly rate charged as being reasonable for settlement purposes. In addition to the FLSA claim, the Plaintiff brought a claim under the West Virginia Wage Payment And Collection Act. Pursuant to this state cause of action, the Defendant would also be required to pay the Plaintiff's attorney fees if Plaintiff were to prevail.[1] The agreed payment to Plaintiff's counsel via the settlement agreement was intended to encompass both Federal and state causes of action. From the plaintiff's point of view, she was able to recover all of the monies she believed were due her in connection with both her FLSA and the Wage Payment And Collection Act claims. As it related to the FLSA cause of action, the plaintiff had two basic complaints. First, she had to work off the clock between the hours of 12:00 – 1:00. Second, she was not paid for travel time. Once the Plaintiff reviewed her time records during discovery, she admitted that she was mistaken about not being paid for working during the lunch hour and agreed to drop that allegation for purposes of the Parties' settlement discussions. However, Plaintiff's review and interpretation of relevant discovery documents and testimony left her with the belief that her FLSA claim for unpaid travel

---

[1] The Parties note, however, that after extensive research on this point, they are unable to locate any published decisions which require judicial approval of a settlement under the West Virginia Wage Payment And Collection Act.

time was still viable and the monies she recovered in settlement completely reimbursed her for such time. Plaintiff also received a payment equal to her maximum available recovery under her Wage Payment And Collection Act claim were she to prevail. Despite Plaintiff's belief as to the viability of her claims, Defendant maintains that Plaintiff was paid for all hours worked, paid her final wages on time and therefore was not owed any monies in regard to her claims.

The Plaintiff has a contingency agreement with her counsel in this case. However, as agreed between Plaintiff and her counsel, as both the FLSA and Wage Payment And Collection Act claims are fee shifting in nature, any fee awarded to Plaintiff's counsel under the applicable statutes would be credited against any contingency fee that was owed. In this matter, based on the amount that the defendant has agreed to pay in attorney fees, Plaintiff's counsel is not seeking any additional fees from the Plaintiff.

Respectfully submitted,

s/ J. Michael Ranson
J. Michael Ranson, Esq.
State Bar #3017
Cynthia M. Ranson, Esq.
State Bar #4983
George B. Morrone, III
State Bar #4980
RANSON LAW OFFICES
1562 Kanawha Boulevard, East
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304) 345-1990
(304) 345-1999 (FAX)
jmr@ransonlaw.com
cmr@ransonlaw.com
gbm@ransonlaw.com

-and-

G. Patrick Jacobs, Esq.
State Bar #1867

s/ Reed L. Russell
Reed L. Russell
Fla. Bar No. 0184860
Eric R. Pellenbarg
Fla. Bar No. 0556610
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
(813) 472-7550
(813) 472-7570 (FAX)
reed.russell@phelps.com
eric.pellenbarg@phelps.com

-and-

s/ Mark H. Dellinger
Mark H. Dellinger, Esq.
West Virginia Bar Number: 7703
Attorneys for Defendant Laboratory
Corporation of America Holdings

PD.6653455.2

JACOBS LAW FIRM
7020 MacCorkle Avenue, SE
Charleston, West Virginia 25304
(304) 926-6676
pjacobs@bjblaw.com

Attorneys for Plaintiff Peggy Bryant

BOWLES RICE MCDAVID GRAFF &
LOVE LLP
600 Quarrier Street
P.O. Box 1386
Charleston, West Virginia 25325-1386
(304) 347-1100
(304) 347-1756 (FAX)
mdellinger@bowlesrice.com

Attorneys for Defendant Laboratory
Corporation of America Holdings

PD.6653455.2

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

> J. Michael Ranson, Esq.
> Cynthia M. Ranson, Esq.
> George B. Morrone, III
> RANSON LAW OFFICES
> 1562 Kanawha Boulevard, East
> Post Office Box 3589
> Charleston, West Virginia 25336-3589
> jmr@ransonlaw.com
> cmr@ransonlaw.com
> dbm@ransonlaw.com
>
> G. Patrick Jacobs, Esq.
> JACOBS LAW FIRM
> 7020 MacCorkle Avenue, SE
> Charleston, West Virginia 25304
> pjacobs@bjblaw.com

s/ Reed L. Russell
Attorney
Reed L. Russell
Fla. Bar No. 0184860
Attorneys for Defendant Laboratory Corporation of America Holdings
PHELPS DUNBAR LLP
100 South Ashley Drive • Suite 1900
Tampa, Florida 33602-5311
(813) 472-7550
(813) 472-7570 (FAX)
reed.russell@phelps.com

PD.6653455.2